UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **THOMAS MORELLI,** | : |
| **Plaintiff,** | : |
| | : Civil Action No.: |
| v. | : |
| **CONTINENTAL CASUALTY COMPANY,** | : January 10, 2022 |
| **Defendant.** | : |

## NOTICE OF REMOVAL

TO THE CLERK OF THE COURT:

PLEASE TAKE NOTICE that Defendant Continental Casualty Company ("Defendant") files this Notice of Removal in accordance with 28 U.S.C. §§ 1332 (diversity jurisdiction), 1441, and 1446 and removes this action from the State of Connecticut Superior Court, Judicial District of Waterbury at Waterbury, to the United States District Court for the District of Connecticut. As its reasons for removal, Defendant states:

1. By Summons and Complaint, Plaintiff Thomas Morelli ("Plaintiff") commenced a civil action against Defendant in Connecticut Superior Court titled *Thomas Morelli v. Continental Casualty Company,* Docket No. UWY-CV22-6063724-S (the "Superior Court Action"). A true and correct copy of the Summons and Complaint served by Plaintiff on Defendant is attached hereto as Exhibit A and constitutes all processes, pleadings and orders served upon Defendant in this action to the present date. 28 U.S.C. § 1446(a).

2. This Notice of Removal is being filed within 30 days of the date Defendant was served with a copy of the Complaint in the Superior Court Action. 28 U.S.C. § 1446(b).

3. This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the parties are citizens of different states and, upon information and belief, the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

4. The Summons and Complaint state that Plaintiff is a resident of Watertown Connecticut, and is therefore, a citizen of the State of Connecticut.

5. The Summons and Complaint further state the Defendant is a foreign corporation, with its corporate headquarters located at 151 North Franklin, Chicago, IL 60606.

6. This Notice of Removal is being filed in the District of Connecticut, the District Court of the United States for the district and division within which the Superior Court Action is pending. 28 U.S.C. §§ 1441(a) and 1446(a).

7. Attached hereto as Exhibit B is a copy of the Notice to Superior Court of Filing of Notice of Removal, the original of which is being filed with the Superior Court, Judicial District of Waterbury at Waterbury. 28 U.S.C. § 1446(d).

WHEREFORE, Defendant respectfully requests that this matter be removed and hereinafter proceed in the United States District Court for the District of Connecticut.

Respectfully submitted,

*/s/ Elizabeth McKenna*
Elizabeth McKenna (ct28113)
Lindsay M. Rinehart (ct30921)
LITTLER MENDELSON, P.C.
One Century Tower
265 Church Street
Suite 300
New Haven, CT  06510
Telephone: 203.974.8700
Facsimile: 203.974.8799
emckenna@littler.com
lrinehart@littler.com

3.

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 10th day of January, 2022, a copy of the foregoing was sent via email to all counsel and pro se parties of record as follows:

Eric R. Brown
Law Office of Eric R. Brown
P.O. Box 615
Watertown, CT 06795
eric@thelaborlawver.com

                                        */s/ Elizabeth McKenna*
                                        Elizabeth McKenna

# EXHIBIT A

**SUMMONS - CIVIL**
JD-CV-1  Rev. 2-20
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a, 52-48, 52-259;
P.B. §§ 3-1 through 3-21, 8-1, 10-13

| For information on ADA accommodations, contact a court clerk or go to: www.jud.ct.gov/ADA. | STATE OF CONNECTICUT **SUPERIOR COURT** www.jud.ct.gov |



**Instructions are on page 2.**

☐ Select if amount, legal interest, or property in demand, not including interest and costs, is LESS than $2,500.
☒ Select if amount, legal interest, or property in demand, not including interest and costs, is $2,500 or MORE.
☐ Select if claiming other relief in addition to, or in place of, money or damages.

**TO: Any proper officer**
By authority of the State of Connecticut, you are hereby commanded to make due and legal service of this summons and attached complaint.

| Address of court clerk *(Number, street, town and zip code)* | Telephone number of clerk | **Return Date** *(Must be a Tuesday)* |
|---|---|---|
| 300 Grand Street, Waterbury, CT 06702 | ( 203 ) 591 − 3300 | January 25, 2022 |

| ☒ Judicial District | G.A. | At *(City/Town)* | Case type code *(See list on page 2)* |
|---|---|---|---|
| ☐ Housing Session | ☐ Number: | Waterbury | Major: **M**    Minor: **90** |

**For the plaintiff(s) enter the appearance of:**

| Name and address of attorney, law firm or plaintiff if self-represented *(Number, street, town and zip code)* | Juris number *(if attorney or law firm)* |
|---|---|
| Law Office of Eric R. Brown, P.O. Box 615, Watertown, CT 06795 | 436049 |

| Telephone number | Signature of plaintiff *(if self-represented)* |
|---|---|
| ( 888 ) 579 − 4222 | |

The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case under Section 10-13 of the Connecticut Practice Book.   ☒ Yes   ☐ No

E-mail address for delivery of papers under Section 10-13 of the Connecticut Practice Book *(if agreed)*: eric@thelaborlawyer.com

| Parties | Name *(Last, First, Middle Initial)* and address of each party *(Number; street; P.O. Box; town; state; zip; country, if not USA)* | |
|---|---|---|
| First plaintiff | Name: Morelli, Thomas<br>Address: 319 Thomaston Road, Unit 19, Watertown, CT 06795 | P-01 |
| Additional plaintiff | Name:<br>Address: | P-02 |
| First defendant | Name: Continental Casualty Company<br>Address: 151 North Franklin, Chicago, IL 60606 | D-01 |
| Additional defendant | Name:<br>Address: | D-02 |
| Additional defendant | Name:<br>Address: | D-03 |
| Additional defendant | Name:<br>Address: | D-04 |

Total number of plaintiffs: 1    Total number of defendants: 1    ☐ Form JD-CV-2 attached for additional parties

**Notice to each defendant**
1. **You are being sued**. This is a summons in a lawsuit. The complaint attached states the claims the plaintiff is making against you.
2. To receive further notices, you or your attorney must file an *Appearance* (form JD-CL-12) with the clerk at the address above. Generally, it must be filed on or before the second day after the Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to appear.
3. If you or your attorney do not file an *Appearance* on time, a default judgment may be entered against you. You can get an *Appearance* form at the court address above, or on-line at https://jud.ct.gov/webforms/.
4. If you believe that you have insurance that may cover the claim being made against you in this lawsuit, you should immediately contact your insurance representative. Other actions you may take are described in the Connecticut Practice Book, which may be found in a superior court law library or on-line at https://www.jud.ct.gov/pb.htm.
5. If you have questions about the summons and complaint, you should talk to an attorney.
**The court staff is not allowed to give advice on legal matters.**

| Date | Signed *(Sign and select proper box)* | ☒ Commissioner of Superior Court | Name of person signing |
|---|---|---|---|
| 12/21/21 | *Eric R. Brown* (signature) | ☐ _____ Clerk | Eric R. Brown |

If this summons is signed by a Clerk:
a. The signing has been done so that the plaintiff(s) will not be denied access to the courts.
b. It is the responsibility of the plaintiff(s) to ensure that service is made in the manner provided by law.
c. The court staff is not permitted to give any legal advice in connection with any lawsuit.
d. The Clerk signing this summons at the request of the plaintiff(s) is not responsible in any way for any errors or omissions in the summons, any allegations contained in the complaint, or the service of the summons or complaint.

*For Court Use Only*
File Date

| I certify I have read and understand the above: | Signed *(Self-represented plaintiff)* | Date | Docket Number |
|---|---|---|---|
| | | | |

Print Form    Page 1 of 2    Reset Form

| | |
|---|---|
| RETURN DATE: JANUARY 25, 2022 : | SUPERIOR COURT |
| : | |
| THOMAS MORELLI : | J.D. OF WATERBURY AT |
| : | WATERBURY |
| VS. : | |
| : | |
| CONTINENTAL CASUALTY : | |
| COMPANY : | DECEMBER 21, 2021 |

## COMPLAINT

I. **Count One – CFEPA – Age Discrimination**

1. The Plaintiff, Thomas Morelli, is a resident of Watertown, Connecticut and is a fifty-nine year old male.

2. The Defendant, Continental Casualty Company, is an employer, with its corporate headquarters located at 151 North Franklin, Chicago, IL 60606.

3. At all times mentioned herein, the Defendant was the "employer" of the Plaintiff, employing more than 20 people.

4. The Plaintiff was employed by Continental Casualty Company from December 1, 1987 until November 1, 2019, where he worked in four different offices throughout the country and volunteered for special assignments in two other offices.

5. During his thirty-one years with the Defendant, the Plaintiff reported to at least fifteen different supervisors, all of whom rated him positively in annual reviews. During his tenure with the Defendant, the Plaintiff was promoted a total of five times.

6. The Plaintiff's last position with the Defenant was Director/Product Leader in the Defendant's Specialty Healthcare Division. This role involved working on various projects to support product development for the Healthcare Underwriting Department. The Plaintiff would sometimes complete these projects on his own, however, more often would work as part of a team.

7. In this role, the Plaintiff reported to and took direction from Assistant Vice President, Mr. Gerran Geyser.

8. Geyser, in turn, reported directly to Bruce Dmytrow, Senior Vice President for Healthcare Underwriting.

9. In May 2019, Mr. Geyser was promoted to Vice President of Risk Control. The Plaintiff then began reporting directly to Mr. Dmytrow. Soon after, the Plaintiff's roll was moved to the Product Development Department, where he reported to Mr. Robert

1

Ellis, Assistant Vice President of Underwriting, who reported to Mr. Brent Tan, Vice President.

10. Before being reassigned, Mr. Geyser conducted a "May Checkpoint" review with the Plaintiff. In that review, Mr. Geyser wrote that "Tom continues to be very responsive to business needs, and his business partners provide very positive feedback on the quality of his work, as well as his collaborative approach." In other words, the Plaintiff received a very positive review.

11. Beginning shortly thereafter and continuing until November 1, 2019, the Plaintiff became subjected to a pattern of sudden hostility and uncharacteristic negative behavior by Mr. Geyser, Mr. Dmytrow, and others.

12. The Plaintiff's mental abilities were questioned by Mr. Geyser in the presence of others and in his September 2019 interim review; commenting that the Plaintiff lacked "thought leadership" and that he failed to secure the confidence of those working with him during the several years he was in his current position. This review directly contradicted the "May Checkpoint" review he had just a few months prior.

13. The Plaintiff encountered roadblocks from Mr. Dmytrow's direct subordinates when trying to secure their cooperation to further two separate projects. The Plaintiff tried to remedy this by asking Mr. Dmytrow to intercede. Mr. Dmytrow refused. Yet, the Plaintiff was instructed to solicit Mr. Dmytrow's assistance by Mr. Geyser.

14. The Plaintiff was blamed with increasing regularity for delays and challenges on group projects. These delays were out of the Plaintiff's control and were in fact documented as being caused by others.

15. The Plaintiff was the subject of derogatory comments by employees and supervisors employed by the Defendant, the substance of which was not relayed to the Plaintiff to address despite his repeated verbal and written requests for them. Mr. Geyser, Mr. Dmytrow, and Human Resources refused to provide the substance of the comments even after repeated requests by the Plaintiff. However, the derogatory comments were confirmed by Mr. Geyser who told the Plaintiff in July 2019, that there was unspecified negative "chatter" about him in the Home Office but would not elaborate.

16. Mr. Dmytrow contributed directly to the development of such negative perceptions. Such as, after a conference call in early September 2019 with the leadership of Healthcare Underwriting and other departments, Mr. Dmytrow sent an email to the Plaintiff and needlessly copied Robert Ellis, in which he disparaged the Plaintiff's abilities as a product leader. Mr. Ellis was going to be the Plaintiff's new supervisor, and he had recently interviewed in Mr. Ellis's department for the promotion to Mr. Geyser's now vacant position.

17. Based on the negative perceptions, the Plaintiff was not promoted to Mr. Geyser's position, even with his years of product development experience and positive

2

performance evaluations. The position was ultimately given to a much younger employee with no formal product development experience.

18. The Plaintiff formally complained to Mr. Dmytrow and Mr. Geyser about being treated unfairly and felt he was being discriminated against because of his age. After making the complaint, the Plaintiff became the subject of an escalating pattern of retaliatory and hostile behavior.

19. On or about August 30, 2019, management arranged for the Plaintiff to work with human resources on a performance improvement plan. However, neither Mr. Geyser, nor any of the Plaintiff's supervisors for that matter, had ever noted any deficiencies or lingering performance concerns in any of his previous checkpoint reviews.

20. The Plaintiff's performance improvement plan was precipitated by both false and misleading statements from Mr. Geyser. The Plaintiff notified human resources of the disparity; however, human resources personnel refused to amend or correct the misinformation.

21. Furthermore, the Plaintiff's performance improvement plan was based on subjective criteria, such as "thought leadership" and "solutions oriented analysis" without a complete explanation or violation of company policy.

22. The Defendant, by its actions as set forth above, is in violation of the Connecticut Fair Employment Practices Act, Conn. Gen. Stats. Sec. 46a-60(b)(1), including but not limited to its "discrimination based on age" provisions.

23. The Plaintiff duly filed a timely claim of discrimination with the Connecticut Commission on Human Rights and Opportunities on August 17, 2020. On September 29, 2021, the Commission provided the Plaintiff with a release of jurisdiction and a right to sue. The Plaintiff has properly exhausted his administrative remedies relative to the claims made herein and this court has jurisdiction over the subject matter of the Complaint.

24. As a result of the Defendant's discriminatory conduct, the Plaintiff has suffered damages in the past, present, and future for which he now makes claim including lost wages and benefits in the past, present and future; loss of status and reputation; and emotional distress resultant from the illegal discriminatory conduct:

**WHEREFORE, THE PLAINTIFF CLAIMS THE FOLLOWING REMEDIES:**

AS TO COUNT ONE:

a. Lost wages and benefits and back pay;
b. Front pay;
c. Attorney's fees and costs;
d. Compensatory damages;
e. Punitive damages;
f. Emotional distress damages;
g. Make whole relief; and
h. Such other relief and money damages as may be deemed appropriate under the law.

THE PLAINTIFF,
THOMAS MORELLI

/s/ 408630
By: Eric R. Brown.
Law Office of Eric R. Brown
P.O. Box 615
Watertown, CT 06795
eric@thelaborlawyer.com
888-579-4222
Juris No.: 408630

4

| | | |
|---|---|---|
| RETURN DATE: JANUARY 25, 2022 | : | SUPERIOR COURT |
| | : | |
| THOMAS MORELLI | : | J.D. OF WATERBURY AT |
| | : | WATERBURY |
| VS. | : | |
| | : | |
| CONTINENTAL CASUALTY | : | |
| COMPANY | : | DECEMBER 21, 2021 |

## STATEMENT OF AMOUNT IN DEMAND

The amount in demand is greater than Fifteen Thousand Dollars exclusive of interest and costs.

                                        THE PLAINTIFF,
                                        THOMAS MORELLI

                                        /s/ 408630
                                        By: Eric R. Brown.
                                        Law Office of Eric R. Brown
                                        P.O. Box 615
                                        Watertown, CT 06795
                                        eric@thelaborlawyer.com
                                        888-579-4222
                                        Juris No.: 408630

# EXHIBIT B

| | |
|---|---|
| DOCKET NO: UWY-CV22-6063724-S | SUPERIOR COURT |
| THOMAS MORELLI, | J.D. OF WATERBURY |
| Plaintiff, | AT WATERBURY |
| v. | |
| CONTINENTAL CASUALTY COMPANY, | JANUARY 10, 2022 |
| Defendant. | |

# NOTICE TO SUPERIOR COURT OF FILING OF NOTICE OF REMOVAL

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Continental Casualty Company today filed a Notice of Removal of this action in the United States District Court for the District of Connecticut. A copy of said Notice is attached hereto as <u>Exhibit A</u>.

This Notice to Superior Court was filed and served pursuant to 28 U.S.C. § 1446(d).

Respectfully submitted,

<u>/s/ Elizabeth McKenna</u>
Elizabeth McKenna (ct28113)
Lindsay M. Rinehart (ct30921)
LITTLER MENDELSON, P.C.
One Century Tower
265 Church Street
Suite 300
New Haven, CT  06510
Telephone: 203.974.8700
Facsimile: 203.974.8799
emckenna@littler.com
lrinehart@littler.com

1

2.

## CERTIFICATE OF SERVICE

      I hereby certify that on this 10th day of January, 2022, a copy of the foregoing was sent via email to all counsel and pro se parties of record as follows:

Eric R. Brown
Law Office of Eric R. Brown
P.O. Box 615
Watertown, CT 06795
eric@thelaborlawyer.com

                                                */s/ Elizabeth McKenna*
                                                Elizabeth McKenna